**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARFIELD GREENWOOD, a.k.a Errol Brown, a.k.a. Ivan Daniel, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71712 <br><br> Agency No. A076-186-391 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Garfield Greenwood, a native and citizen of Jamaica, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

The BIA denied Greenwood's withholding of removal claim on adverse credibility grounds.  The BIA also denied Greenwood's CAT claim on adverse credibility grounds, and found the country conditions evidence did not show he was otherwise eligible for CAT relief.  In his opening brief, Greenwood does not meaningfully challenge these finding.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not specifically raised and argued in a party's opening brief are waived).  We do not reach his arguments regarding the merits.  *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("we consider only the grounds relied upon" by the BIA).

We lack jurisdiction to consider Greenwood's ineffective assistance of counsel claim because he did not exhaust this claim before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**