NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MISAEL SANCHEZ-LOPEZ, | No.    18-72767 |
| Petitioner, | Agency No. A095-766-763 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023**
Pasadena, California

Before: BOGGS,*** IKUTA, and DESAI, Circuit Judges.

Petitioner Misael Sanchez-Lopez, a native and citizen of Mexico, petitions

this court to review the Board of Immigration Appeals ("BIA") decision denying his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. The BIA's denial of a motion to reopen is reviewed under an abuse of discretion standard. *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022). We must uphold the BIA's decision unless it is "arbitrary, irrational, or contrary to law." *Id*. The BIA's factual findings are reviewed for substantial evidence. *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022).

After applying these standards to the record before us, we reject all of Petitioner's arguments for the following reasons.

First, Mr. Sanchez-Lopez argues the immigration court lacked subject-matter jurisdiction over his removal proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because his Notice to Appear ("NTA") did not specify the time and place of his hearing before the immigration judge. This challenge is unexhausted because Petitioner failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) ("We lack jurisdiction to consider Petitioner's argument because it was not raised before the agency."). Moreover, this argument is foreclosed by our en banc holding in *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th

Cir. 2022).[1] In *Bastide-Hernandez*, we held that a defective NTA does not deprive immigration courts of subject-matter jurisdiction. *Id.* at 1191. Thus, the immigration court had subject-matter jurisdiction over Mr. Sanchez-Lopez's proceedings despite any defects in the NTA.

Second, Mr. Sanchez-Lopez argues he is eligible for asylum and withholding of removal because past threats or harm directed at members of his extended family establish he will be persecuted in Mexico if removed. A motion to reopen must ordinarily be filed within ninety days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). However, the 90-day deadline does not apply if the motion to reopen is (1) to apply for asylum under § 208 of the Immigration and Nationality Act (the "Act"), withholding of removal under § 241(b)(3) of the Act, or withholding of removal under the Convention Against Torture ("CAT"), and (2) based on evidence of material changes to country conditions arising in the country to which removal has been ordered, and if such evidence was material and not available and would not have been discovered or presented at the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii). To prevail, that new evidence, when considered together with the evidence presented at the original

---

[1]    *Pereira*'s analysis is specific to the "stop-time" rule, which defines how continuous residence and continuous physical presence are calculated and is not at issue in this case. *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019) (holding that *Pereira*'s analysis is "distinct from the jurisdictional question" at issue).

hearing, must establish prima facie eligibility for the relief sought. *Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009).

Here, Mr. Sanchez-Lopez did not demonstrate prima facie eligibility for asylum under the Act because he failed to present evidence showing a nexus between his alleged fear of persecution and membership in a particular social group. While Mr. Sanchez-Lopez alleged that he feared returning to Mexico because of violence and extortion experienced by his extended family members, he presented no evidence demonstrating that he would be targeted in Mexico because of his family ties. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021) (rejecting a petitioner's claim for asylum because the record did not contain evidence of a nexus between his alleged persecution and membership in his family). Nor do Mr. Sanchez-Lopez's alleged fears of persecution based on general country conditions in Mexico, specifically crime and violence from cartel members and kidnappers, establish prima facie eligibility for relief. A petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (quoting *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (holding that evidence was not material because it failed to demonstrate that the petitioner's situation was appreciably different from the dangers faced by other citizens).

Because Petitioner failed to establish eligibility for asylum, he also necessarily fails to meet the more stringent "clear probability" standard for withholding of removal under § 241(b)(3) of the Act. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). Thus, the BIA did not abuse its discretion by denying Mr. Sanchez-Lopez's untimely motion to reopen because he did not demonstrate prima facie eligibility for relief.

Finally, the BIA also properly concluded that Mr. Sanchez-Lopez's evidence failed to establish a prima facie case for CAT protection. Petitioner alleges that certain extended family members have suffered violence and extortion and that Mexico struggles with gang violence and corruption. To qualify for CAT protection, a movant bears the burden of proving that it is more likely than not that he would be tortured by or with the acquiescence of the government if removed. *See Santos-Ponce*, 987 F.3d at 891. The BIA did not err by finding that the evidence presented fails to establish that it is more likely than not that Mr. Sanchez-Lopez would face torture upon his return to Mexico. *See id.*; *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime" is "insufficient" to show a particularized likelihood of torture).

On this record, the BIA's decision to deny Petitioner's motion to reopen was not arbitrary, irrational, or contrary to law.

The petition for review is **DENIED IN PART; DISMISSED IN PART.**

Petitioner's Motion for Leave to File Supplemental Brief (Dkt. 28) is **DENIED.**

Petitioner's Motion for Leave to File Petitioner's Revised [Oversized] Supplemental Brief (Dkt. 41) is **DENIED.**

Respondent's Motion to Strike Substitute Brief (Dkt. 43) is **DENIED as moot.**