**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUNFENG ZHOU,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 13-71153

Agency No. A200-784-751

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Yunfeng Zhou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on the omission from Zhou's written statement of the fine allegedly imposed by family planning officials. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported where incidents petitioner omitted from asylum application materially altered claim). In the absence of credible testimony, Zhou's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**