**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUPINDER SINGH, | No. 22-2 |
| Petitioner, | Agency No. A088-394-576 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023**
San Francisco, California

Before: BOGGS, *** M. SMITH, and OWENS, Circuit Judges.

Rupinder Singh, a native and citizen of India, petitions this court for review

of the Board of Immigration Appeals' (BIA) denial of his fifth motion to reopen his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2013 final order of removal. This is Singh's fourth petition for review in this matter. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Singh entered the United States in 2009 on a B-2 visitor visa. In 2011, an immigration judge (IJ) denied Singh's applications for asylum and withholding of removal based on an adverse credibility finding and ordered Singh removed. The BIA dismissed his appeal in 2013 and this court affirmed. *Singh v. Holder*, 591 F. App'x 546 (9th Cir. 2015). Applying the standards governing adverse credibility determinations created by the REAL ID Act, *see Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), we held that substantial evidence supported the BIA's adverse credibility determination based on Singh's testimony. *Ibid.*

Singh now petitions this court for review of the BIA's 2021 denial of his fifth motion to reopen, which this court reviews under a deferential abuse-of-discretion standard.[1] *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). The BIA abuses its discretion if the decision is arbitrary, irrational, or contrary to law. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir. 2008) (citation omitted). With certain exceptions, a motion to reopen must be filed within 90 days of the final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). But there is no time limit when

---

[1] We need not address Singh's contention that he made a prima facie case for asylum because the BIA made no finding on the issue. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

filing an asylum or withholding-of-removal application based on changed country conditions if such evidence is material, was not available, and would not have been discovered previously. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(1).

The BIA did not abuse its discretion when it found that Singh, who submitted only his declaration and the State Department's 2018 Human Rights Report for India, failed to provide evidence of changed country conditions in India between the time of his removal hearing (2011) and the time that he filed this most recent (fifth) motion to reopen (2020).[2] Nor was his declaration claiming that, in 2019, the police again went to his house looking for him and either beat or detained a family member qualitatively different from evidence presented at his removal hearing; instead it represents a continuation of past circumstances. *See Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021). And changed personal circumstances are relevant only to the extent that they help "establish the materiality" of the evidence of changed country conditions, which was not demonstrated here. *Ibid*.

In any event, Singh has failed to address the original IJ finding that his testimony was not credible. The IJ found that Singh's testimony that he suffered police retribution because he was a whistleblower as to governmental corruption was

---

[2] Singh raises a new claim of asylum based on imputed political opinion, which he did not explicitly raise in his motion to reopen before the BIA. Because that claim is unexhausted, we lack jurisdiction to review. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below.").

implausible, appeared to be fabricated, and made it just as probable that he was arrested by the police for being a participant in that suspected corruption. Because Singh's motion to reopen fails to rehabilitate the IJ's finding that his testimony regarding the nexus requirement was not credible or show a new claim independent of the evidence found not credible, the BIA did not abuse its discretion. *See Greenwood v. Garland*, 36 F.4th 1232, 1236 (9th Cir. 2022) (holding that the BIA can "reject a motion to reopen by relying on a previous adverse credibility determination if that earlier finding factually undermines the petitioner's new claim.").

The petition for review is **DENIED**.