**Kattar SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71870.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Surjit Singh, Law Office of Surgit Singh, APC, Anaheim, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Kattar Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. The BIA independently reviewed the findings of the IJ and found that Singh was not credible. We review credibility findings under the substantial evidence standard. *See Pal v. INS,* 204 F.3d 935, 940 (9th Cir.2000). We deny the petition for review.

The BIA's adverse credibility determination rests on Singh's failure to reference on direct examination a September 1997 arrest that had been included on his written addendum to his asylum application. This discrepancy goes to the heart of Singh's claims of past persecution and fear of future persecution. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (explaining that finding of even one discrepancy is sufficient to support an adverse credibility finding as long as it goes to the "heart" of the asylum claim). We conclude that the BIA's adverse credibility determination is supported by substantial evidence and Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

As Singh relies on the same testimony, and points to no additional evidence the BIA should have considered regarding the likelihood of torture if returned to India, Singh's CAT claim also must fail. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.