NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATTAR SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-1120

Agency No. A079-565-984

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2023[**]
San Francisco, California

Before:  BOGGS, [***] S.R THOMAS, and FORREST, Circuit Judges.

Kattar Singh, a native and citizen of India, petitions this court for review of

the decision of the Board of Immigration Appeals (BIA) denying his seventh motion

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

to reopen his 2002 final order of removal. This is Singh's sixth petition for review in this matter. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Singh entered the United States without inspection in 2000 and, shortly thereafter, filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In 2002, an immigration judge (IJ) denied Singh's applications for asylum, withholding of removal, and CAT based on an adverse credibility finding and ordered Singh removed. The BIA dismissed his appeal in 2004 and this court affirmed, holding that substantial evidence supported the BIA's adverse credibility determination based on Singh's testimony. *Singh v. Gonzales*, 139 F. App'x 837 (9th Cir. 2005).

Singh now petitions this court for review of the BIA's 2021 denial of his seventh motion to reopen, which this court reviews under a deferential abuse-of-discretion standard. *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). The BIA abuses its discretion if the decision is "arbitrary, irrational, or contrary to law." *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir. 2008) (citation omitted). With certain exceptions, a motion to reopen must be filed within 90 days of the final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). But there is no time limit when filing to reopen an asylum or withholding-of-removal application based on changed country conditions if such evidence is material, was not available, and would not have been discovered previously. 8 U.S.C.

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(1).

The BIA did not abuse its discretion when it found that Singh, who submitted evidence of the death of his brother, Balwant Singh, on January 25, 2013, from a heart attack a week after a police beating, had failed to provide evidence that was not available when he last presented evidence to the Board in his sixth motion to reopen in 2017.[1] *Guzman v. INS*, 318 F.3d 911, 913 (9th Cir. 2003). That evidence included a death certificate, a doctor's statement, and a letter from the president of Singh's Sikh separatist political party. In addition to his brother's death, the president's letter discussed general country conditions in India from 1993 to 2013. In holding that Singh failed to provide "evidence of meaningfully changed country conditions in India affecting him," the Board did not commit error by not expressly discussing the letter, as it is only required to "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). The Board did this. Further, new evidence from changed personal

---

[1] Singh raised a new claim before the BIA to administratively close his removal proceedings so that he could pursue an I-601 provisional waiver for unlawful presence, which he stated he was planning to file so he could at a later time request an adjustment of status. The BIA found this claim "far too speculative." On appeal, he does not raise or challenge the BIA's refusal to administratively close his case.

circumstances is relevant only to the extent that it helps "establish the materiality" of the evidence of changed country conditions, which was not demonstrated here. *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021).

Singh obtained new counsel for this appeal.[2] Counsel argues that if Singh's motion to reopen was deficient, he is alternatively entitled to equitable tolling because his previous counsel was ineffective in filing seven motions to reopen with the BIA. New counsel argues that the first six motions were knowingly frivolous and that the seventh motion to reopen, the one currently before this court, should count as Singh's first. This issue is raised for the first time in Singh's opening brief to this court and therefore Singh failed to properly exhaust his claim before the agency. 8 U.S.C. § 1252(d)(1). Further, Singh failed to show that any alleged ineffective assistance of counsel resulted in the deprivation of due process. *Magallanes-Damian v. INS*, 783 F.2d 931, 933 (9th Cir. 1986). Prior counsel did not make the proceedings so fundamentally unfair that Singh was prevented from reasonably prosecuting his case. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir. 2002). In fact, counsel's motions to reopen and petitions for review have resulted in delaying the enforcement of Singh's 2003 removal order.

In any event, Singh's current counsel has failed to address the original IJ

---

[2] On November 18, 2019, the BIA suspended Singh's previous counsel from practice before the BIA, immigration courts, and DHS pending the outcome of disciplinary proceedings before it.

finding that Singh's testimony was not credible. The IJ found that Singh's testimony regarding police beatings and arrests was inconsistent with his declaration made in support of his asylum application. On direct examination, he failed to reference a September 1997 arrest that went to the heart of his claims of past persecution and fear of future persecution. 139 F. App'x at 387. Because Singh's motion to reopen does not address the IJ's finding that his testimony regarding his persecution was not credible and does not present a new claim independent of the evidence found not credible, the BIA did not abuse its discretion in denying the motion. *See Greenwood v. Garland*, 36 F.4th 1232, 1236 (9th Cir. 2022) (holding that the BIA can "reject a motion to reopen by relying on a previous adverse credibility determination if that earlier finding factually undermines the petitioner's new claim.").

The petition for review is **DENIED**.