**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GARFIELD GREENWOOD, AKA Errol Brown, AKA Ivan Daniel,

*Petitioner*,

v.

MERRICK B. GARLAND, Attorney General,

*Respondent*.

No. 17-72389

Agency No. A076-186-391

OPINION

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted March 9, 2022[*] Pasadena, California

Filed June 16, 2022

Before: Sandra S. Ikuta, Kenneth K. Lee, and Danielle J. Forrest, Circuit Judges.

Opinion by Judge Lee

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Immigration**

Denying in part and dismissing in part Garfield Greenwood's petition for review of the Board of Immigration Appeals' denial of his motion to reopen based on changed country conditions, the panel held that the Board may rely on a previous adverse credibility determination to deny a motion to reopen if that earlier finding still factually undermines the petitioner's new argument.

Greenwood, AKA Errol Brown and Ivan Daniel, asserted that changed circumstances in his native Jamaica—a spike in violence against members of the People's National Party—justified his untimely second motion to reopen. Because an Immigration Judge in an earlier proceeding found Greenwood not credible and questioned his actual identity, the Board ruled that the new evidence of political violence did not matter because Greenwood may not even be a member of the People's National Party.

The panel concluded that the Board did not abuse its discretion in denying Greenwood's motion to reopen. Agreeing with *Matter of F-S-N-*, 28 I. & N. Dec. 1 (BIA 2020), the panel explained that to prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied on adverse credibility grounds, the respondent must either overcome the prior credibility determination or show that the new claim is

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

independent of the evidence that was found to be not credible.

Here, Greenwood did not challenge the adverse credibility finding, but instead argued that his new evidence was independent of the evidence that was found to be not credible. The panel rejected that argument. The panel explained that the IJ had previously found Greenwood's testimony about his identity not credible, thus undermining his entire claim. Moreover, Greenwood's claims remained the same throughout his proceedings—a fear of violence on account of political party membership. The panel concluded that the basis of Greenwood's motion to reopen therefore remained intertwined with his credibility problem.

The panel wrote that its decision was consistent with precedent requiring the Board to accept as true facts asserted in a motion to reopen unless they are "inherently unbelievable," explaining that concerns of fair play and substantial justice, which generally arise because motions to reopen are decided without benefit of a hearing, do not apply if the IJ, who first heard the petitioner's evidence, found the petitioner lacked credibility on the very grounds for which he seeks relief.

The panel also rejected Greenwood's argument that the adverse credibility determination was inconsequential and not pertinent to his asylum proceeding, explaining that Greenwood's deception in using multiple false names and filing a fraudulent application for a United States passport went right to the issue in the case: his identity, including whether he really is a member of the claimed political party.

The panel concluded that it lacked jurisdiction to review the Board's discretionary determination that Greenwood

failed to establish exceptional circumstances to warrant *sua sponte* reopening.

## COUNSEL

Katherine A. Owen, Law Offices of Zulu Ali, Riverside, California, for Petitioner.

Brian Boynton, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jessica A. Dawgert, Senior Litigation Counsel; Lori B. Warlick and Thanh Lieu Duong, Trial Attorneys; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

LEE, Circuit Judge:

We hold that the Board of Immigration Appeals (BIA) may rely on a previous adverse credibility determination to deny a motion to reopen if that earlier finding still factually undermines the petitioner's new argument.

And our holding means that we must reject the argument advanced by Garfield Greenwood, AKA Errol Brown and Ivan Daniel. He asserted that changed circumstances in his native Jamaica—a spike in violence against members of the People's National Party—justified his untimely second motion to reopen. But the Immigration Judge (IJ) in an earlier proceeding found him not credible and questioned his actual identity. The BIA thus ruled that the new evidence of political violence does not matter because Greenwood may

not even be a member of the People's National Party. We agree, and deny in part and dismiss in part the petition. We have jurisdiction under 8 U.S.C. § 1252.

## BACKGROUND

In 1997, Garfield Greenwood tried to enter the United States using a passport in the name of "Errol Brown," claiming to be a native of Jamaica and citizen of Canada. The Immigration and Naturalization Service (INS)—the former agency then mainly responsible for immigration enforcement—determined that Greenwood was inadmissible for not being in possession of a valid travel document, not having a valid visa, and attempting to enter the United States by fraud. *See* 8 U.S.C. §§ 1182(a)(7)(A)(i)(I), (7)(B)(i)(I), (6)(C)(i). The INS then ordered him administratively removed from the United States under 8 U.S.C. § 1225(b)(1)(A)(i).

Greenwood later reentered the United States, and the U.S. Department of Homeland Security (DHS) reinstated the prior administrative removal order against him under the name of "Errol Brown." Greenwood stated that his "complete and correct name" is "Garfield Greenwood" but that he had used the names "Errol Brown" and "Ivan Daniel." He applied for withholding of removal and protection under the Convention Against Torture. Before the IJ, Greenwood claimed that he feared returning to Jamaica because of his membership in the People's National Party and political violence by the opposing Jamaica Labor Party, including the murder of his brother and nephew.

The IJ denied Greenwood's application. The IJ found that Greenwood lacked the credibility to establish his true identity and that it "call[ed] into question his credibility with his overall testimony regarding his claim." The IJ based this

determination on Greenwood's use of multiple fake names, his fraudulent passport, and an inability to establish his true identity. The BIA affirmed the denial, and this court denied his petition. *See Greenwood v. Holder*, 535 F. App'x 572 (9th Cir. 2013).

The next year, Greenwood moved to reopen, claiming changed circumstances: after recent elections in Jamaica, political violence had worsened. The BIA denied the motion, holding that it was untimely, that the evidence of changed conditions was insufficient, and that in any case the evidence was not material to Greenwood because of the prior adverse credibility finding against him. This court again denied Greenwood's petition for review. *See Greenwood v. Lynch*, 656 F. App'x 336 (9th Cir. 2016).

Greenwood then filed a second motion to reopen, the subject of this case. He again claimed changed country conditions in Jamaica, claiming that his nephew was recently murdered as a political payback. He also included a news report about political violence in Jamaica, and a human rights report about country conditions in Jamaica. Greenwood further requested that the BIA reopen his proceedings *sua sponte*.

The BIA denied the motion. It held that the alleged change in country conditions was not material to Greenwood because the IJ had earlier found Greenwood not credible about his identity. It also declined to reopen the case *sua sponte* because his case did not present "exceptional circumstances."

## STANDARD OF REVIEW

The court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Nababan v. Garland*, 18 F.4th 1090,

1094 (9th Cir. 2021). The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law. *Id.*

## ANALYSIS

### I. The BIA Did Not Abuse its Discretion in Holding the New Evidence Immaterial Because Greenwood Lacked Credibility to Establish His Identity.

An alien may file one motion to reopen within ninety days after a final removal order. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). An exception to that rule applies if the motion is "based on changed country conditions arising in the country of nationality" and "such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii). Greenwood invokes this exception, given that he earlier moved to reopen and that his second motion was filed more than ninety days after the removal order.

Greenwood asserted changed conditions in Jamaica, claiming that "the opposing party Jamaican Labor Party would harm Petitioner who is part of the People's National Party." To support his motion, Greenwood presented an article about political strife and violence in Jamaica, a human rights report, and his own declaration about his experiences with political violence in Jamaica. Because Greenwood had earlier moved to reopen based on the same reasons, the only new piece of information was that his nephew was allegedly murdered in 2017.

The BIA did not abuse its discretion in denying the motion. It properly found that Greenwood lacked the credibility to establish his identity. Without the credibility to assert that he is a member of the People's National Party,

it does not matter whether political violence against that party has worsened in Jamaica.  This case is similar to *Matter of F-S-N-* in which the BIA held that "to prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible."  28 I. & N. Dec. 1, 3 (BIA 2020).  If the materiality of the evidence on changed country conditions "is contingent, in part or in whole, on factors that were determined to lack credibility and have not been rehabilitated, the respondent's ability to successfully establish prima facie eligibility may be undermined."  *Id.* at 4.

We agree that the BIA's reasoning and conclusion in *Matter of F-S-N-* is a correct interpretation of the requirement in § 1229a(c)(7)(C)(ii) that an otherwise untimely motion to reopen must be based on evidence of changed country conditions that "is material."[1]  The BIA can thus reject a motion to reopen by relying on a previous adverse credibility determination if that earlier finding factually undermines the petitioner's new claim.  In layman's terms, an earlier untruthful statement still remains

---

[1] *See also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) ("[E]vidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application."); *Zhang v. Mukasey*, 543 F.3d 851, 855 (6th Cir. 2008) (holding that the denial of a motion to reopen was not abuse of discretion where petitioner "made no attempt—either before the Board or this court—to rehabilitate her credibility").

untruthful and can undercut a petitioner's new claim in a later proceeding.

Here, Greenwood does not challenge the BIA's adverse credibility finding. His argument hinges on showing that the current claim "is independent of the evidence that was found to be not credible." *F-S-N-*, 28 I. & N. Dec. at 3. But the IJ found that Greenwood's testimony about his identity was not credible, which undermined his entire testimony—including his membership in a political party, whether he and his family suffered violence, and if that violence was politically related. Further, his claims have remained the same throughout his proceedings. *See Greenwood*, 656 F. App'x 336; *Greenwood*, 535 F. App'x 572. The basis of Greenwood's motion to reopen—a fear of violence on account of political party membership—thus remains intertwined with his credibility problem.

Our precedent also underscores that the BIA did not abuse its discretion. In *Toufighi v. Mukasey*, 538 F.3d 988, 994 (9th Cir. 2008), the petitioner feared persecution in Iran because he claimed to have converted to Christianity. But the BIA "found that the newly available evidence presented by Toufighi relating to persecution of Christians in Iran was irrelevant because the IJ had already determined that Toufighi had not converted to Christianity." *Id.* The court agreed, holding "the new evidence regarding persecution of apostates immaterial" because "it had already been conclusively determined that he was not an apostate, and that Iranian officials would not impute this status to him." *Id.* at 996–97. We thus held that "the Board did not abuse its discretion in concluding that his evidence of changed country conditions was not 'material' to his claim." *Id.* at 997.

The reasoning of *Toufighi* applies here. The IJ found that Greenwood lacked the credibility to establish his true identity and that it "call[ed] into question his credibility with his overall testimony regarding his claim." Greenwood's claim that he is a member of the People's National Party is thus not credible. Just as in *Toufighi*, the new evidence of political violence in Jamaica is not material to his claim because he lacks the credibility to connect those conditions to himself.

Our decision today is consistent with our precedent that "[i]n considering a motion to reopen, the BIA must accept as true the facts asserted by the petitioner, unless they are 'inherently unbelievable.'" *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991)). The origin of this holding traces to our concern that "because motions to reopen are decided without benefit of a hearing, common notions of fair play and substantial justice generally require that the Board accept as true the facts stated in an alien's affidavits in ruling on his or her motion." *Reyes v. INS*, 673 F.2d 1087, 1090 (9th Cir. 1982). In contrast, "where some of the evidence is developed at a hearing, the [Board] is of course free to interpret that evidence free from inferences in favor of the moving party." *Limsico*, 951 F.2d at 213.

These concerns of fair play and substantial justice do not apply if the IJ, who first heard the petitioner's evidence, found the petitioner lacked credibility on the very grounds for which he seeks relief. This is especially so where the petitioner (like Greenwood here) does not challenge the adverse credibility determination. Greenwood already presented evidence at a hearing before the IJ, and the IJ found him to lack credibility about his purported membership in that political party. It would defy common

sense to require the BIA to accept as true the assertions that the IJ previously found incredible.

Greenwood also argues that the adverse credibility determination is "inconsequential and not pertinent" to his asylum proceeding. He relies on *Bassene v. Holder*, 737 F.3d 530, 536–37 (9th Cir. 2013), in which the court held that it was error to make an adverse credibility determination because an asylum applicant had omitted certain details on an application form where that form was not meant to elicit such details. But Greenwood's deception goes far beyond those bounds. He has several times gone by false names such that the IJ found that he could not establish Greenwood's true identity. And Greenwood was convicted of filing a fraudulent application for a United States passport under a false name. This deception goes right to the issue in the case: his identity, including whether he really is a member of the claimed political party. Greenwood's credibility has been undermined at its core, and so it is very much "consequential and pertinent" to his claims for relief.

In sum, the BIA did not abuse its discretion in denying his motion to reopen.

## II. This Court Lacks Jurisdiction to Review the BIA's Decision Not to Reopen a Case *Sua Sponte* for Exceptional Circumstances.

Greenwood also petitions the court to review the BIA's decision to deny reopening his case *sua sponte*. The BIA may at any time, in its discretion, reopen *sua sponte* any case. 8 C.F.R. § 1003.2(a). But this court lacks jurisdiction to review discretionary decisions by the BIA not to reopen a case *sua sponte*.

In *Ekimian v. INS*, 303 F.3d 1153, 1158–60 (9th Cir. 2002), the court held that it lacked jurisdiction to review the BIA's refusal to reopen *sua sponte* because the "exceptional situation" standard used by the agency did not provide a sufficiently meaningful standard to permit appellate review. "*Ekimian*'s holding that the 'exceptional situation' benchmark does not provide a sufficiently meaningful standard to permit judicial review remains good law." *Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016).

In declining to reopen Greenwood's case *sua sponte*, the BIA cited only to "exceptional circumstances" and offered no legal or constitutional basis.  This court thus lacks jurisdiction.

## CONCLUSION

We **DENY** in part Greenwood's petition as to his motion to reopen based on changed country conditions, and **DISMISS** in part his petition seeking review of the BIA's exercise of its *sua sponte* discretion.