**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARPINDER S. CHAHAL; GURMEET K. CHAHAL,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   17-70330

Agency Nos.   A078-361-295
              A078-361-296

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2022[**]
Seattle, Washington

Before:  CHRISTEN, LEE, and FORREST, Circuit Judges.

Petitioner Harpinder Chahal and his wife, Gurmeet Chahal, petition for review

of the Board of Immigration Appeals' (BIA) order denying their fifth motion to

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen removal proceedings.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We "review the BIA's denial of a motion to reopen for an abuse of discretion." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). The BIA's decision "should be left undisturbed unless it is 'arbitrary, irrational, or contrary to law.'" *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013) (citation omitted).

The BIA did not abuse its discretion in denying Chahal's fifth motion to reopen as untimely and numerically barred, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), or in finding that Chahal failed to present sufficient evidence to qualify for the changed country conditions exception, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). Chahal's newly introduced evidence does not overcome the agency's prior adverse credibility finding, and he does not challenge that finding. Therefore, his new evidence is immaterial. *See Greenwood v. Garland*, 36 F.4th 1232, 1236 (9th Cir. 2022) ("The BIA can thus reject a motion to reopen by relying on a previous adverse credibility determination if that earlier finding factually undermines the petitioner's new claim."); *Toufighi v. Mukasey*, 538 F.3d 988, 994, 996–97 (9th Cir. 2008) (holding that an underlying adverse credibility determination

---

[1] Harpinder Chahal is the lead Petitioner; his wife seeks derivative relief. We refer only to the lead Petitioner for simplicity.

regarding a claim of past persecution rendered evidence of changed country conditions immaterial).

**PETITION FOR REVIEW DENIED.**[2]

---

[2]The joint motion to withdraw the request for judicial administrative closure is granted. The motions to hold this case in abeyance and for judicial administrative closure are denied as moot.