**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ANTONIO ROSAS ARENAS;
TERESA BRAVO DE ROSAS,

    Petitioners,

 v.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

No. 18-71670

Agency Nos. A095-448-677
       A095-448-678

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

   Petitioners Jose Antonio Rosas Arenas and Teresa Bravo De Rosas, natives

and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA")

denial of their motion for reopening and reconsideration. We have jurisdiction under

---

   * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C § 1252.  Reviewing for abuse of discretion, *Singh v. I.N.S.*, 213 F.3d 1050, 1052 (9th Cir. 2000), we deny the petition.

1.  The BIA did not abuse its discretion by ruling that Petitioners failed to allege changed country conditions sufficient to warrant reopening.   To prevail on a motion to reopen based on changed country conditions, a petitioner must "(1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (simplified).  As the BIA noted, Petitioners offered only vague, unsworn statements in their motion regarding crime in Mexico.  They do not allege that conditions have worsened since their initial proceeding, and thus cannot qualify for reopening based on changed country conditions.

2.   We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte because of exceptional circumstances.  Petitioners' main contentions in their motion for reopening and their opening brief on appeal relate to the hardships their children will face if they are removed to Mexico. The BIA found that the hardships alleged were insufficient to justify sua sponte reopening.  This

2

discretionary decision not to reopen is not reviewable on appeal. *See Greenwood v. Garland*, 36 F.4th 1232, 1237 (9th Cir. 2022) ("[T]his court lacks jurisdiction to review discretionary decisions by the BIA not to reopen a case *sua sponte*.").

3. Petitioners' constitutional argument is meritless. On appeal, Petitioners argue that the BIA's denial of their motion for reopening violates the Equal Protection Clause, U.S. CONST. amend. XIV, because Congress has provided for more lenient standards for cancellation of removal for Nicaraguan aliens under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have repeatedly rejected equal protection challenges to NACARA, upholding Congress's decision to "afford more favorable treatment to certain aliens" fleeing from particularly oppressive regimes under rational basis review. *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir. 2002).

**DENIED.**