NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAO LI CHEN,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

No. 20-73551
No. 22-1348

Agency No.
A216-627-463

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2023[**]
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Xiao Li Chen, a native and citizen of China, petitions for review of a Board

of Immigration Appeals ("BIA") decision affirming an order of an Immigration

Judge ("IJ") denying her application for asylum and withholding of removal. She

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

also petitions for review of the BIA's denial of her motion to reopen her case. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the denial of asylum and withholding of removal for substantial evidence, *Enying Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2018), and reviewing the denial of the motion to reopen for abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323–24 (1992), we deny the petitions.[1]

1. Substantial evidence supports the IJ's adverse credibility determination, which the BIA upheld. Chen's testimony about her baptismal date conflicted with her prior testimony, her baptismal certificate, and her written declaration. For example, Chen testified that she was baptized in August 2017, yet her baptismal certificate states she was baptized in 2000. Chen also testified that she converted to Christianity in January 2016, but later said she converted in November 2016. When pressed on why she changed the dates, Chen failed to give a reasonable explanation and continued shifting the date that she converted throughout the hearing.

Chen also omitted significant facts from her written declaration that she mentioned for the first time at her asylum hearing—such as her alleged prolonged harassment by Chinese police and family planning officials. These omissions "are

---

[1] Although Chen asserted a claim for protection under the Convention Against Torture before the IJ, she did not meaningfully challenge the IJ's denial of that claim before the BIA. Thus, the claim is not properly before us on review. *See* 8 U.S.C. § 1252(d)(1).

not trivialities, but pivotal events that were crucial to establishing that [Chen] actually suffered persecution." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (simplified). The BIA was not required to accept Chen's explanation for why she omitted those details, and the record does not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021).

2. The BIA did not abuse its discretion by denying Chen's motion to reopen her case given new information from medical exams that she obtained after her hearing. The BIA may deny a motion to reopen "by relying on a previous adverse credibility determination if that earlier finding factually undermines the petitioner's new claim." *Greenwood v. Garland*, 36 F.4th 1232, 1236 (9th Cir. 2022).

In her motion to reopen, Chen offered new medical evidence proving that she has been sterilized. However, the adverse credibility determination undermines her claim because she offers no evidence, beyond her non-credible testimony, that her sterilization was involuntary.

3. Chen's remaining arguments are not properly before us because she failed to exhaust them before the BIA. *See* 8 U.S.C. § 1252(d)(1). Chen claims that the IJ denied her due process by denying her motion for a continuance and erred by failing to consider a hospital certificate showing she was sterilized by Chinese family planning officials. But Chen did not raise these claims to the BIA. Similarly, Chen failed to contest before the BIA the IJ's conclusion that Chen did not establish that

her alleged sterilization was forced.  Thus, we may not review those claims here.
*See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

      **PETITIONS DENIED.**