**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMY ALEXANDER CARCAMO PINEDA, | No. 22-1100 |
| | Agency No. A208-283-352 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2023**
Pasadena, California

Before: W. FLETCHER and MENDOZA, Circuit Judges, and SCHREIER,
District Judge.***

Petitioner Jimmy Alexander Carcamo Pineda, a native and citizen of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

.

Honduras, petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reopen his removal proceedings. We have

jurisdiction under 8 U.S.C. § 1252, review the BIA's denial of a motion to reopen

for abuse of discretion, s*ee Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir.

2017), and deny the petition for review.

Motions to reopen proceedings must be filed within 90 days of the final

administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). But there are two

relevant exceptions to that timeliness bar. A petitioner could demonstrate

"changed country conditions" in the country to which removal has been ordered.

*Id.* § 1229a(c)(7)(C)(ii); *see Agonafer*, 859 F.3d at 1203–04. To do so, a movant

must produce previously unavailable, material evidence of changed country

conditions that, when considered with the evidence presented at the original

hearing, would establish prima facie eligibility for the relief sought. *See Silva v.

Garland*, 993 F.3d 705, 718 (9th Cir. 2021). Or, in the alternative, he could make

a case for "equitable tolling." *See Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir.

2020).

Mr. Carcamo first contends that his motion to reopen should have been

granted because human rights abuses have escalated in Honduras since 2017, when

he first applied for asylum, withholding of removal, and protection under the

Convention Against Torture. He supplements this record by describing recent,

violent attacks on his family and friends, some of whom have now sought asylum in Germany. However, substantial evidence supports the BIA's conclusion that there has not been a change of conditions in Honduras. Instead, the record reflects that Honduras has suffered from ongoing, "serious" and "[s]ignificant human rights issues" since at least 2016.

Citing *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008), the BIA also reasoned that Mr. Carcamo's evidence regarding his family and friends was insufficient because it merely bolstered testimony of persecution previously found to be not credible. *See Carcamo-Pineda v. Barr*, 822 Fed. App'x. 626, 627 (9th Cir. 2020); *accord Greenwood v. Garland*, 36 F.4th 1232, 1236 (9th Cir. 2022). While Mr. Carcamo claims that his friend has been the victim of violent crime, and that his family members witnessed that crime and fear reprisal, it is not outside of the BIA's discretion to find that their fears are not credibly his fears.

The BIA also did not err in separately finding that Mr. Carcamo cannot make a prima facie case for asylum eligibility. We previously affirmed that "substantial evidence supports" the finding that "serious reasons exist[] to believe [that Mr. Carcamo] 'committed a serious nonpolitical crime' in Honduras." *Carcamo-Pineda*, 36 Fed. App'x. at 627. Such a finding renders him "ineligible for asylum and withholding." *See Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019) (citing 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii)). Mr. Carcamo's

motion to reopen and petition present no legitimate basis to reopen that finding, *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990), and his new evidence of changed country conditions does not alter this finding's preclusive effect. Thus, Mr. Carcamo cannot meet the changed-country-conditions exception to section 1229a(c)(7)(C)(i)'s timeliness bar.

Separately, Mr. Carcamo argues that the filing deadline should be "equitably tolled." In support, he cites changed country conditions, which we have already addressed, and the United States Attorney General's recent vacatur of *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018). *See Matter of A-C-A-A-*, 28 I. & N. Dec. 351 (A.G. 2021). He maintains that this material change in the law affects his removal proceedings because the BIA relied on *Matter of A-B-* in its prior denial of his application for asylum and withholding of removal.

Mr. Carcamo did not raise this issue in his proceedings before the BIA, likely because the Attorney General issued this order after Mr. Carcamo filed his motion to reopen. So, we exercise our discretion to address it now. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). *Matter of A-B-*'s vacatur centered primarily on the availability of asylum for domestic violence victims. *See Matter of A-C-A-A-*, 28 I. & N. Dec. at 351. But in Mr. Carcamo's case, the BIA relied on *Matter of A-B-* for its standard of review, which was not vacated or otherwise overruled. Thus, this change in the law did not "invalidate[] the original basis for

[Mr. Carcamo's] removal," rendering equitable tolling unavailable. *See Lona*, 958 F.3d at 1230.

In sum, the BIA did not abuse its discretion by denying Mr. Carcamo's motion to reopen as inexcusably untimely, and we deny his petition.

**PETITION DENIED.**