NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EULISES MACHIN MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1628 <br><br> Agency No. <br> A203-637-655 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
Pasadena, California

Before: M. SMITH, LEE, and VANDYKE, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals (BIA) decision denying his untimely motion to reopen and remand based on change of law and change of country conditions. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

When the BIA rules on a motion to reopen, "our review is limited to the BIA's decision where the BIA conducts its own review of the evidence and law." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (cleaned up). "We review the agency's denial of a motion to reopen for an abuse of discretion." *Id.* "The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'" *Id.* (quoting *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014)).

*First*, we lack jurisdiction to review the BIA's refusal to reopen sua sponte. The BIA's exercise of discretion to reopen sua sponte is unreviewable unless the decision was based on a "legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). Because the BIA committed no legal error, we have no jurisdiction to review its decision not to reopen sua sponte.

*Second*, the BIA did not abuse its discretion in declining to equitably toll the deadline for filing the motion to reopen. Equitable tolling of a filing deadline for a motion to reopen may apply "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). Because Petitioner has not pointed to any deception, fraud, or error, but instead suggests that he was unable to timely file his motion to reopen because

2

he was unaware of how country conditions would change in the future, the BIA's refusal to equitably toll the deadline was not arbitrary, irrational, or contrary to law.

*Third*, the BIA did not abuse its discretion in denying Petitioner's motion to reopen based on changed country conditions. Petitioner's motion relies primarily on Petitioner's testimony that the agency previously determined was not credible. In a circumstance like this, the BIA can reject a motion to reopen by relying on a previous adverse credibility determination regarding that testimony. *See Greenwood v. Garland*, 36 F.4th 1232, 1235–36 (9th Cir. 2022). Because Petitioner failed to produce particularized, credible evidence supporting that he would be affected by any changed country conditions, the BIA's denial of Petitioner's motion to reopen was not arbitrary, irrational, or contrary to law.

Accordingly, the BIA did not abuse its discretion in denying Petitioner's motion to reopen.

**PETITION DISMISSED IN PART AND DENIED IN PART.**