NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HARBANS SINGH,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 21-859<br>    22-1800<br><br>Agency No. A208-426-600<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 13, 2023
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Harbans Singh, a native and citizen of India, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from

a decision of an Immigration Judge denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture. He

also petitions for review of the BIA's denial of his motion to reopen. We have

jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1252. We review the agency's legal conclusions de novo and its factual findings

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petitions.

1. Under the INA, an alien is ineligible for asylum or withholding of removal if there are "serious reasons" to believe that that the alien "committed a serious nonpolitical crime outside the United States" prior to arriving in the United States. 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii). "The 'serious reasons' standard is 'tantamount to probable cause.'" *Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019) (citation omitted). If the Government carries its "initial burden of introducing evidence that th[is] bar may apply," the alien then "has the burden to rebut the bar by a preponderance of the evidence." *Villalobos Sura v. Garland*, 8 F.4th 1161, 1167 (9th Cir. 2021). In challenging the Government's initial showing, Singh argues that the declaration submitted by an agent of the Department of Homeland Security ("DHS") lacked sufficient indicia of reliability and should not have been considered. We disagree.

The agency properly concluded that the declaration's reliability as to the relevant facts was adequately supported by "the remainder of the record," including specifically an official certificate of conviction from the United Kingdom's Crown Court and a then-pending federal indictment. The Crown Court

2

certificate states that Singh was convicted in May 2015 of one count of "Sexual Assault on a female" and two counts of "Sexual Assault on a female child under 13." Although the certificate does not say so, all parties agree that these convictions were rendered *in absentia* after Singh had left the United Kingdom for the United States. The federal indictment, which alleges false statements by Singh in connection with his visa and asylum applications, expressly alleges that Singh was "arrested twice in the United Kingdom for sexual assault prior to November 24, 2014." *Cf. Giordenello v. United States*, 357 U.S. 480, 487 (1958) (noting that an indictment reflects a grand jury's finding of probable cause). Even without the declaration's further details about the specific alleged conduct underlying the two sexual assaults of children, the Government carried its initial burden to present evidence supporting probable cause to believe that Singh committed two "Sexual Assault[s] on a female child under 13" in the United Kingdom before November 24, 2014. And, unless rebutted, that evidence alone suffices to establish "serious reasons" to believe that Singh committed a serious nonpolitical crime prior to his arrival in the United States in January 2015.

Substantial evidence supports the agency's determination that Singh failed to carry his ultimate burden to establish that the serious-nonpolitical-crime bar did *not* apply. The only evidence Singh offered in rebuttal was his own testimony denying the sexual assaults, and the agency permissibly concluded that Singh was not a

3

credible witness. Singh conceded that he had been arrested in the United Kingdom in 2014, and the agency found, based on the records concerning Singh's visa application and asylum interview, that Singh attempted to mislead immigration authorities by falsely denying having been arrested. The agency also concluded that Singh's testimony about alleged persecution in India was implausible and internally inconsistent. The record does not compel a contrary conclusion as to any of these findings, which provide proper and sufficient grounds for rejecting Singh's testimony as lacking in credibility. *See Li v. Garland*, 13 F.4th 954, 960 (9th Cir. 2021). The agency also properly held that Singh's willingness to lie cast sufficient doubt on the authenticity of his proffered documentary evidence and that this evidence therefore did not rehabilitate his credibility or independently carry his burden of proof. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Accordingly, the agency correctly concluded that, under the bar for serious nonpolitical crimes, Singh was ineligible for asylum and withholding of removal.

2. Because we have upheld the agency's adverse credibility determination and its discounting of Singh's documentary evidence, it likewise follows that the agency properly concluded that Singh failed to carry his burden to establish any substantive basis for relief, including relief under the Convention Against Torture. *Khup v. Ashcroft*, 376 F.3d 898, 906–07 (9th Cir. 2004).

3. The BIA did not abuse its discretion in denying Singh's motion to

reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008).

Because the motion was filed more than 90 days after the BIA upheld Singh's removal order, the motion was time-barred unless (1) it relied on an asylum or withholding-of-removal claim that was "based on changed country conditions arising" in India; and (2) the evidence of such changed conditions was "material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Where, as here, "the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the [applicant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022) (citation omitted).

The BIA acted within its discretion in concluding that the newly proffered evidence claiming that Indian police beat Singh's brother while asking about Singh's whereabouts did not overcome the prior adverse credibility determination. As the BIA noted, the credibility of this new evidence was itself suspect, given that Singh failed to explain why Indian police would still be interested in Singh nearly eight years after he had left India. And given that the asserted materiality of the new evidence was "contingent, in part or in whole, on factors that were determined to lack credibility and ha[d] not been rehabilitated," *id*. (citation omitted), the BIA

5

properly held that this new evidence was not qualitatively different from Singh's prior non-credible claims. Lastly, the BIA reasonably concluded that the new evidence of general country conditions was not materially different from the evidence at the time of Singh's hearing.

**PETITIONS FOR REVIEW DENIED.**