NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LAKHWINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-141<br><br>Agency No.<br>A206-034-309<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024**
San Francisco, California

Before: BEA, HAMILTON***, and CHRISTEN, Circuit Judges.

Petitioner Lakhwinder Singh is a native and citizen of India and seeks

judicial review of the Board of Immigration Appeals (BIA) denial of his motion

to reopen the immigration proceedings that resulted in an order removing him

from the United States. We have jurisdiction under 8 U.S.C. § 1252. We review

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for
the Court of Appeals for the Seventh Circuit, sitting by designation.

a denial of reopening for an abuse of discretion, *Singh v. Garland*, 46 F.4th 1117, 1121 (9th Cir. 2022).[1] Finding no such abuse, we deny the petition.

Petitioner Singh filed his motion to reopen with the BIA on June 25, 2021, more than 90 days after the BIA issued a final administrative order of removal on April 26, 2019, denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture. Motions to reopen must be filed within 90 days after entry of a final administrative order unless an exception applies. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioner Singh seeks asylum, arguing that conditions in India have changed and that the 90-day filing deadline therefore does not apply. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

**Adverse Credibility Determination**

Petitioner Singh's previous claims for asylum, withholding of removal, and relief under the Convention Against Torture were denied based on the adverse credibility determination of the Immigration Judge (IJ). Both the BIA and this Court upheld the IJ's adverse credibility determination. *Singh v. Garland*, 840 F. App'x 221, 222 (9th Cir. 2021).

To prevail on a motion to reopen a final denial of relief when the prior proceeding upheld an adverse credibility determination, a movant "must either overcome the prior determination or show that the new claim is independent of

---

[1] The petitioner in the cited 2022 *Singh* case was not the petitioner in this case.

the evidence that was found to be not credible." *Singh v. Garland*, 46 F.4th 1117, 1122 (9th Cir. 2022), quoting *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020).

Here, Singh does not challenge the prior adverse credibility finding. He asserts instead that his current claim for relief from removal is independent of his prior testimony regarding the severity of alleged attacks motivated by his Sikh and pro-Mann party identity, which was deemed not credible. Because the basis of Singh's motion to reopen is his fear of violence due to pro-Mann activities, his new claim remains intertwined with his credibility problem. See *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022) ("If the materiality of the evidence on changed country conditions 'is contingent, in part or in whole, on factors that were determined to lack credibility and have not been rehabilitated, the respondent's ability to successfully establish prima facie eligibility may be undermined.'" (quoting *F-S-N-*, 28 I. & N. Dec. at 4)).

The BIA also considered the new evidence offered by Singh in his motion to reopen and found similar inconsistencies. Singh's sworn affidavit alleged his father was arrested and beaten by police in January 2021, whereas his father's sworn affidavit alleged these events happened in May 2021. See AR 41, 45.[2] Far

---

[2] In India, numerical dates are written in the order day-month-year. Singh's father's sworn affidavit is dated June 1, 2021 and states he was beaten by police a few days earlier. This sequence is consistent with the medical records stating that Singh's father was treated for injuries on May 29, 2021. AR 44. In this appeal, Singh argues that "January" was a typographical error in his sworn affidavit. Pet. Br. at 24. Yet Singh's motion to reopen also contradicts itself by stating his father was arrested in January 2021 in one place, AR 12, and May 2021 in another, AR 13. The evidence in the record did not compel the BIA to conclude

from rehabilitating Singh's prior credibility issues, the BIA found these discrepancies "compounded" the prior adverse credibility determination. The BIA did not abuse its discretion when it found that Singh failed to overcome his adverse credibility determination. Singh has waived or at least forfeited any challenge to that finding. Because the requirement that Singh overcome the prior adverse credibility determination is a threshold issue, we do not reach the merits of his changed country conditions theory.

**PETITION DENIED.**

---

this was a typographical error as opposed to a material inconsistency. See *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (BIA factual findings are reviewed for substantial evidence, which means reviewing court will uphold agency's determination unless compelled to conclude the contrary) (the petitioner in the cited 2019 *Singh* case was not the petitioner in the present case).