**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SUKHPREET SINGH,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-450<br><br>Agency No.<br>A209-937-641<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2024**
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Petitioner Sukhpreet Singh petitions for review of the Board of Immigration

Appeals' ("BIA") order denying his motion to reopen his removal proceedings.

Because the parties are familiar with the facts, we do not recount them here. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion, and will "defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review legal issues de novo and factual findings for substantial evidence, and limit our review "to the actual grounds relied upon by the BIA." *Id.* (citation omitted).

To obtain relief on a motion to reopen based on changed country conditions,[1] Singh must "clear four hurdles" by producing evidence that: (1) shows changed country conditions, (2) is material, (3) was not previously available, and (4) would establish prima facie eligibility for relief. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). Newly submitted evidence must be "qualitatively different" from the evidence that was previously available. *Najmabadi*, 597 F.3d at 987 (citation omitted).

Here, the country conditions evidence Singh submitted with his motion to reopen does not reflect worse conditions for Sikhs, Sikh activist supporters of the Shiromani Akali Dal Mann Party ("Mann Party") or Sikhs for Justice ("SFJ"), or

---

[1] Although a noncitizen must generally file a motion to reopen within ninety days of a final removal order, 8 U.S.C. § 1229a(c)(7)(A), (C)—and Singh did not do so here—there is an exception to that rule for motions based on changed country conditions. *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022) (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)).

farmers who protest against the government. For example, the 2020 report from the Refugee Board of Canada indicates that Indian authorities focus their attention on Sikh terrorists and that there is no systematic mistreatment of Sikh activists. This aligns with the Refugee Board's 2015 report, which stated that there was no evidence of systematic mistreatment of Sikhs. Likewise, neither the 2020 U.S. State Department Human Rights Report, nor the 2017 report, suggest that Sikh activists are targeted for harm in India. Similarly, with respect to Singh's claim based on his status as a farmer, neither U.S. State Department Human Rights Report reflects that farmers are targeted for harm. To the extent Singh relies on changes in his personal circumstances, we have held that a petitioner cannot rely "'*solely* on a change in personal circumstances,' without also providing sufficient evidence of related changed country conditions." *Rodriguez*, 990 F.3d at 1209 (quoting *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014)). Singh has not done so here.

We conclude that the BIA's decision is supported by substantial evidence and that it did not abuse its discretion by denying Singh's motion to reopen.

**PETITION DENIED.**