NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARMINDER SINGH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PAMELA BONDI, Attorney General,<br><br>　　　　Respondent. | No. 25-1794<br><br>Agency No.<br>A077-810-699<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025**
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioner Harminder Singh, a citizen of India, seeks review of the Board of

Immigration Appeals's (BIA) decision dismissing an appeal from a decision by an

Immigration Judge, which denied Singh's applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the decisions of both the BIA and the Immigration Judge to the extent the BIA cites the Immigration Judge's conclusions. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019). We review their factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A factual finding "is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Id.* (cleaned up). We review claims of due process violations de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022).

In a previous proceeding, the BIA denied Singh's applications for relief based on an adverse credibility finding. We reviewed and affirmed that decision. *Singh v. Holder*, 341 F. App'x 336, 337–38 (9th Cir. Aug. 10, 2009). Under our case law, "an item of evidence already found not credible at an alien's removal proceedings remains presumptively not credible at the motion-to-reopen stage, unless that item of evidence is effectively rehabilitated by adequate proffer of proof." *Singh v. Garland*, 124 F.4th 690, 700 (9th Cir. 2024); *see also Ani v. Bondi*, 155 F.4th 1118, 1129 (9th Cir. 2025) ("If a petitioner has deliberately deceived immigration authorities in the past when seeking immigration relief, it remains a permissible inference that the petitioner may be deceiving authorities in the present

proceedings.").

Here, there is substantial evidence supporting the BIA's finding that Singh did not effectively rehabilitate his prior adverse credibility determination once his case was reopened. Contrary to what Singh contends, he was given notice that he would need to address the prior adverse credibility finding and an adequate opportunity to do so. *See Olea-Serefina*, 34 F.4th at 866 (noting that, to establish a due process violation, the alien must show that he was "prevented from reasonably presenting [his] case"). Moreover, on this record, the Immigration Judge reasonably concluded that he had failed to rehabilitate his credibility. Because Singh failed to rehabilitate his prior adverse credibility determination, and the new claims he brought after the case was reopened were "contingent, in part or in whole, on factors that were determined to lack credibility and ha[d] not been rehabilitated," *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022), we deny the petition for review.

**DENIED.**

25-1794