NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTON VARESHIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PAMELA BONDI, Attorney General,<br><br>　　　　Respondent. | No. 15-73314<br><br>No. 21-536<br><br>Agency No.<br>A205-748-940<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District
　　　Judge.[***]

　　　Anton Vareshin (Vareshin) petitions for review of the Board of Immigration

Appeals' (BIA) order affirming an Immigration Judge's (IJ) denial of Vareshin's

---

　　　[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　　[***]　　　The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on an adverse credibility finding, and the BIA's order denying Vareshin's motion to reopen. We deny the petitions.

"We review the agency's factual findings, including credibility determinations, for substantial evidence. . . ." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022).

**1.** Substantial evidence supports the IJ's adverse credibility determination. By testifying that the neo-Nazis hit him in the head so hard that he later vomited from a likely concussion, and that the abuse from the police officers caused blood in his urine, Vareshin enhanced vague descriptions from his declaration to depict more severe injuries. These details are not trivial because the attacks go to the heart of Vareshin's persecution allegations, *see Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011), and the "later embellishment reflects poorly on a petitioner's credibility." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022).

Vareshin's declaration also omitted the presence of a witness to the police confrontation at his workplace; details about the number, frequency, and substance of the threatening phone calls; and the identity of the police investigator who threatened him. "[O]missions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum

application. . . ." *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) (citation omitted). Omitted injury allegations "may show belated attempts to exaggerate the severity of past harm." *Uc Encarnacion v. Bondi*, 156 F.4th 927, 939 (9th Cir. 2025) (citations omitted). Taken with Vareshin's subsequent embellishments, these omissions provide substantial evidence to support the IJ's adverse credibility determination. *See Ruiz-Colmenares*, 25 F.4th at 750.

**2.** The BIA did not abuse its discretion by denying Vareshin's motion to reopen. The BIA relied on *Matter of F-S-N-*, which provides that "to prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." 28 I. & N. Dec. 1, **3 (BIA 2020). Vareshin argues that reliance on *Matter of F-S-N-* was impermissibly retroactive because that case was decided while Vareshin's motion to reopen was pending. We disagree. Rather than establish new requirements, *Matter of F-S-N-* applied existing precedent to further clarify how to satisfy the "heavy burden" of establishing that new evidence "would likely change the result in the case." *Id.* at *3.

Vareshin also maintains that *Matter of F-S-N-* conflicts with *Shouchen Yang v. Lynch*, 822 F.3d 504 (9th Cir. 2016). We are not persuaded. In *Shouchen Yang*,

we clarified that the BIA cannot deny a motion to reopen solely based on a prior adverse credibility determination. *See id.* at 508-09. Rather, the BIA may deny a motion to reopen "by relying on a previous adverse credibility determination if that earlier finding factually undermines the petitioner's new claim." *Greenwood*, 36 F.4th at 1235-36.

Under *Greenwood*, Vareshin's new evidence did not impair the prior adverse credibility determination. Vareshin relies on a country report "show[ing] that the government of Russia was responsible for increased hostilities," his mother's termination from her job, and the compelled flight of his "friend and member of the student action group." In *Greenwood*, we upheld the agency's rejection of similar evidence purporting to establish changed country conditions. *See id.* at 1235. Thus, the BIA did not abuse its discretion in denying the motion to reopen. *See id.* at 1237.

**PETITIONS DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Case No. 15-73314, Dkt. # 1) is otherwise denied.