NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIRO FLORES-FLORES, | No. 19-71857 |
| Petitioner, | Agency No. A077-145-088 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Petitioner Ciro Flores-Flores ("Flores") seeks review of a Board of Immigration Appeals ("BIA") decision denying Flores' motion to reconsider a 2009 BIA decision. That decision dismissed Flores' appeal from an Immigration Judge's denial of cancellation of removal based on a finding that Flores lacked the ten years

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of continuous physical presence in the United States required to be eligible for relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition.

We review for abuse of discretion the BIA's denial of a motion to reconsider, *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022), and the BIA's refusal to equitably toll a filing deadline, *Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021). When the BIA exercises its sua sponte reopening or reconsideration authority, we have jurisdiction to review only for "legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

1. The BIA did not abuse its discretion in declining to reconsider its 2009 decision because the outcome of that decision did not depend on any misapplication of the stop-time rule.[1] To be eligible for cancellation of removal, Flores needed to show that he had "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application" for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A). Although Flores first came to the U.S. in 1995 or 1996, he concedes that he voluntarily left the country from April until September 1999—a departure long enough to break his continuous physical presence. *Id.* § 1229b(d)(2). Flores applied for cancellation of removal in

---

[1] Because we conclude the BIA did not abuse its discretion in denying Flores' motion to reconsider on the merits, we do not need to decide whether the BIA abused its discretion in declining to equitably toll Flores' filing deadline.

2008, less than 10 years after his return to the country.

Flores argues that the notice to appear ("NTA") issued in 2006 failed to trigger the stop-time rule in light of *Pereira v. Sessions*, 585 U.S. 198 (2018), and that the agency denied his cancellation of removal application "solely because" of its erroneous application of the stop-time rule. Flores' motion to reconsider argued only that the BIA should reconsider its 2009 decision in light of *Pereira*; he did not file a motion to reopen to reapply for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1). The BIA denied relief because it concluded that Flores' physical presence between the time of his reentry in 1999 and service of the NTA in 2006 amounted to less than 10 years. However, *Pereira* does not change the fact that Flores lacked ten years of continuous physical presence "immediately preceding the date of [his] application" for cancellation of removal filed in 2008. 8 U.S.C. § 1229b(b)(1)(A). The time between his September 1999 reentry and his 2008 application for relief is still less than 10 years. Accordingly, the BIA did not abuse its discretion in denying Flores' motion.

2. We lack jurisdiction to review the BIA's discretionary use of its sua sponte reopening or reconsideration authority. Our jurisdiction to review the BIA's use of its sua sponte authority is "limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion." *Lona v.*

3

*Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020). "[T]he 'exceptional situation' standard used by the agency [does] not provide a sufficiently meaningful standard to permit appellate review." *Greenwood v. Garland*, 36 F.4th 1232, 1237 (9th Cir. 2022). As in *Greenwood*, the BIA here concluded that Flores "ha[d] not demonstrated an exceptional situation justifying the exercise of [its] sua sponte authority" and did not offer a further legal or constitutional basis for refusing to exercise its sua sponte authority. *See id.* Consequently, the BIA's refusal to sua sponte reopen the case is beyond the scope of our jurisdiction.

We **DENY** in part Flores' petition as to his motion to reconsider, and we **DISMISS** in part his petition seeking review of the BIA's exercise of its sua sponte discretion.