**GUO LAI HUANG, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 03–40482–ag.

United States Court of Appeals,
Second Circuit.

July 12, 2007.

Robert J. Adinolfi, New York, NY, for Petitioner.

Bradley J. Schlozman, United States Attorney, Western District of Missouri, Frances Reddis, Assistant United States Attorney, Kansas City, MO, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Guo Lai Huang, a native and citizen of China, seeks review of the August 21, 2003 order of the BIA affirming the April 11, 2002 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Lai Huang*, No. A72 254 538 (B.I.A. Aug. 21, 2003), *aff'g* No. A72 254 538 (Immig. Ct. N.Y. City Apr. 11, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse

1. Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft. *See* Fed. R.App. P. 43(c)(2).

credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ In the instant case, we conclude that the record does not support the IJ's adverse credibility finding. In support of this adverse credibility determination, the IJ put great emphasis on the letter from Pastor Lin Wan Dong, which affirmed Huang's membership in Pastor Dong's church. The IJ's discussion on the subject of the meaning of the letterhead and on the relationship between government-sanctioned and underground churches in China was speculation, unsupported by the record. *See Zhou Yun Zhang,* 386 F.3d at 74. Because we cannot confidently predict that the IJ and the BIA would reach the same conclusion absent this error, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006), we remand. We recommend that the BIA consider that any further remand be made to a different IJ.

For the foregoing reasons, we therefore GRANT the petition for review, VACATE the decision of the BIA, and REMAND this case for further proceedings consistent with this opinion. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.