NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR HUMBERTO PERRUSQUIA
PALOMARES,

> Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

> Respondent.

No. 22-910

Agency No.
A070-765-665

MEMORANDUM*

OSCAR HUMBERTO PERRUSQUIA
PALOMARES,

> Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

> Respondent.

No. 23-326

Agency No.
A070-765-665

On Petition for Review of an Order of the
Board of Immigration Appeals

---

&ast;     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted December 8, 2023[]
San Francisco, California

Before: BRESS and JOHNSTONE, Circuit Judges, and MOSKOWITZ, District Judge.[***]
Concurrence by MOSKOWITZ, District Judge.

     Oscar Humberto Perrusquia Palomares, a native and citizen of Mexico, petitions for review of two decisions from the Board of Immigration Appeals ("BIA"). First, Perrusquia challenges the BIA's dismissal of his appeal of the Immigration Judge's ("IJ") decision denying him protection under the Convention Against Torture ("CAT"). Second, Perrusquia challenges the BIA's decision denying his motion to reopen based on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). "We review the denial of a motion to reopen for abuse of discretion." *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). We deny the petitions.

     1. Substantial evidence supports the BIA's determination that Perrusquia is not eligible for CAT protection because he failed to establish that "it is more likely than not he . . . would be tortured" by or with the consent or acquiescence of a

---

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Mexican public official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The Mexico 2020 Human Rights Report and the news articles that Perrusquia offers are insufficient to show the government would either torture him or acquiesce in his torture by cartel members. *See B.R.*, 26 F.4th at 845; *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016). While the Mexico 2020 Human Rights Report shows the government's general ineffectiveness at preventing crime and violence, that is not sufficient to demonstrate acquiescence. *Andrade-Garcia*, 828 F.3d at 836. Further, the report provides general statements about the Mexican government's involvement in some instances of torture, but Perrusquia does not explain how these instances of torture are related to the danger he allegedly faces as a deported former gang member with gang tattoos. *See B.R.*, 26 F.4th at 844.

2. The BIA did not abuse its discretion in denying Perrusquia's motion because Perrusquia failed to prove material changes in country conditions in Mexico between his October 2021 hearing and his September 2022 motion to reopen. Perrusquia's evidence demonstrates pervasive violence in Mexico but does not demonstrate to what extent a change occurred or that the change is more than merely incremental. *See Rodriguez*, 990 F.3d at 1210. Nor did Perrusquia demonstrate how any increase in cartel violence made it more likely that he would be tortured by a cartel or the government. *See, e.g.*, *Greenwood v. Garland*, 36 F.4th 1232, 1235–36 (9th Cir. 2022) (explaining "that an otherwise untimely

motion to reopen must be based on evidence of changed country conditions that 'is material'"). This determination is dispositive; therefore, we do not address the remainder of Perrusquia's arguments. *See Rodriguez*, 990 F.3d at 1207. The pending motions for stay of removal are denied as moot.[1]

**PETITIONS DENIED.**

---

[1] The temporary stay shall remain in effect until issuance of the mandate. *See* General Order 6.4(c).

*Perrusquia Palomares v. Garland*, Nos. 22-910 & 23-326
MOSKOWITZ, District Judge, concurring:

I concur completely in the Memorandum Disposition.  However, I believe that Perrusquia has established a likelihood that upon his removal, a drug cartel will recruit him based on his gang tattoos.  If he refuses to join their illegal venture, he will likely be beaten or killed.  The likelihood of this occurring diminishes if he is removed to a non-border port of entry.  Therefore, I *recommend* to the Department of Homeland Security that, if Perrusquia is removed, he be removed to an interior port of entry.  I understand that this is within the discretion of the Department of Homeland Security and that recommendations are rare.  *See, e.g.*, *Bbale v. Lynch*, 840 F.3d 63, 68 (1st Cir. 2016) (recommending that DHS not remove the petitioner because "he would face a significant threat to his safety if he were to be returned to Uganda . . . "); *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011) (Noonan, J., concurring) (recommending that the BIA delay the petitioner's deportation so he can remove his gang tattoos); *see also Huang v. Gonzales*, 238 Fed. Appx. 691, 693 (2d Cir. 2007) (recommending "that the BIA consider that any further remand be made to a different IJ").  I offer this recommendation because it is a way to avoid a potentially life-threatening situation.

1