NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANJAYKUMAR PRAHLADBHAI PATEL, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-282 <br><br> Agency No. A215-823-741 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Sanjaykumar Prahladbhai Patel, a citizen of India, seeks review of a Board of

Immigration Appeals (BIA) decision denying his motion to reopen immigration

proceedings on his 2019 removal order. "We review a BIA ruling on a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen for an abuse of discretion and will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (quotation marks and citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion in denying Patel's motion to reopen. The Immigration and Nationality Act allows an alien to file a single motion to reopen within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Patel does not dispute that he filed his motion to reopen outside that 90-day period but argues that an exception should apply. Because Patel has failed to establish that his motion qualifies for such an exception, the BIA properly denied his motion to reopen.

The BIA did not abuse its discretion in denying Patel's motion to reopen for lack of changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). As the BIA explained, Patel's circumstances did not warrant relief based on changed circumstances because Patel had not overcome his prior adverse credibility determination. *See generally Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief." (citation omitted)). As we have held, the BIA "may rely on a prior adverse

credibility determination to deny a motion to reopen if that earlier finding factually undercuts the petitioner's new argument." *Singh v. Garland*, 46 F.4th 1117, 1120 (9th Cir. 2022) (citing *Greenwood v. Garland*, 36 F.4th 1232, 1234 (9th Cir. 2022)). In this case, Patel's motion to reopen and accompanying materials did not sufficiently resolve the prior inconsistent testimony and evidence on the question of whether he was a farmer in India, which remains critical to his theory of future persecution in India.

Patel points out that the BIA on a motion to reopen must address "new evidence" that is "independent of the evidence that the IJ relied on in making the adverse credibility finding." *Id.* at 1122. But even assuming Patel has brought forward new evidence that is independent of the earlier adverse credibility finding, the BIA explained that Patel "has not articulated why this evidence was not or could not have been submitted in a timely fashion during the proceedings before the Immigration Judge or in conjunction with his appeal before us." Patel has not shown this determination reflects an abuse of discretion.

Finally, to the extent that Patel's motion rests on changed personal circumstances, the BIA properly concluded that it lacked authority to grant the motion to reopen because changed personal circumstances alone cannot be a basis for granting an untimely motion to reopen. *See Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) ("[W]hile changes in personal circumstances may be

*relevant* to a motion to reopen based on changed country conditions, a petitioner cannot succeed on such a motion that 'relies *solely* on a change in personal circumstances,' without also providing sufficient evidence of changed country conditions.") (quoting *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014)); 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION DENIED.**