**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICOLE ALE SORTO-PORTALES, | No. 23-3302 |
| Petitioner, | Agency No. A212-974-839 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024**
Phoenix, Arizona

Before: TASHIMA, M. SMITH, and BADE, Circuit Judges.

Petitioner Nicole Ale Sorto-Portales (Sorto-Portales), a native and citizen of

Honduras, seeks review of the Board of Immigration Appeals' (BIA) denial of her

motion to reopen removal proceedings. We review the BIA's denial of a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen for abuse of discretion, *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022) (citing *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021)), and review questions of law de novo, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005) (citing *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004)). We deny the petition.

1.     Sorto-Portales sought reopening based on alleged ineffective assistance of counsel by her prior attorney, who did not file a brief in support of her appeal of the IJ's decision denying her applications for asylum, statutory withholding of removal, and relief under the Convention Against Torture (CAT), despite indicating an intent to do so on the notice of appeal. To demonstrate ineffective assistance of counsel in a removal proceeding, a petitioner must show that "counsel failed to perform with sufficient competence" and that the petitioner was "prejudiced by counsel's performance." *Mohammed*, 400 F.3d at 793 (citing *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004)). The BIA concluded that, assuming her prior attorney provided ineffective assistance, Sorto-Portales failed to show prejudice.

Counsel's failure to file an appeal brief gives rise to a presumption of prejudice if the failure causes the BIA to summarily dismiss the appeal, thereby depriving the petitioner of "any meaningful review of the IJ's decision." *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir. 2004). Here, the BIA dismissed Sorto-

Portales's appeal of the IJ's removal decision on the merits, after considering the arguments raised in her notice of appeal. Sorto-Portales argues that prejudice should be presumed because, although the notice of appeal "captured the main errors" in the IJ's decision, a brief could have gone "further into the evidence" and asserted other arguments. "Prejudice is ordinarily presumed in immigration proceedings when counsel's error 'deprives the alien of the appellate proceeding entirely.'" *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (quoting *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000)). We need not determine whether prejudice is presumed because, even if it were, the presumption is rebutted.

The presumption of prejudice is rebutted if the petitioner fails to show plausible grounds for relief. *Siong v. INS*, 376 F.3d 1030, 1038 (9th Cir. 2004). The BIA concluded that, if the presumption of prejudice applied, it was rebutted because Sorto-Portales did not show a plausible ground for relief. It is undisputed that, in her motion to reopen, Sorto-Portales did not address the merits of the BIA's decision dismissing her appeal, the IJ's removal decision, or her underlying applications for asylum, withholding of removal, or relief under CAT; she also did not explain how the lack of a brief prejudiced her appeal. Thus, the BIA did not abuse its discretion by concluding that she failed to show plausible grounds for relief. *See also Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (petitioners

failed to demonstrate prejudice caused by ineffective assistance of counsel because they failed to explain what evidence counsel improperly failed to introduce); *Mohsseni Behbahani v. INS*, 796 F.2d 249, 251 (9th Cir. 1986) (same).

If prejudice is not presumed, to succeed on her ineffective assistance of counsel claim, Sorto-Portales must show that "[c]ounsel's deficiencies . . . *could* have affected the outcome of the proceedings." *Singh v. Holder*, 658 F.3d 879, 887 (9th Cir. 2011) (citing *Mohammed*, 400 F.3d at 793). For the same reasons that Sorto-Portales failed to show plausible grounds for relief, she also did not demonstrate that her prior attorney's error may have affected the outcome of the proceedings. *See also Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015).

In sum, the BIA did not abuse its discretion by concluding that Sorto-Portales did not show that her prior attorney's failure to file a brief prejudiced her appeal. We therefore deny the petition for review as to the motion to reopen.

2.     Sorto-Portales also asks for de novo review of the BIA's and IJ's removal decisions. She did not petition for review of the BIA's decision dismissing her appeal. Because her petition is limited to the denial of her motion to reopen, we do not review the merits of her appeal or her underlying applications for asylum, withholding of removal, and relief under CAT. *Abassi v. INS*, 305

F.3d 1028, 1030 (9th Cir. 2002); *see also* 8 U.S.C. § 1252(b)(1) (deadline for petition for review of order of removability).

**PETITION FOR REVIEW DENIED.**