NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOMIRO OCHOA ORDONEZ, | No. 23-195 |
| Petitioner, | Agency No. A071-520-953 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2026**
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District Judge.***

Petitioner Rodomiro Ochoa Ordonez, a native and citizen of Guatemala, seeks

review of a decision by the Board of Immigration Appeals ("BIA") denying his time-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

and number-barred motion to reopen the removal proceedings against him. Petitioner seeks reopening in order to: (1) reapply for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) have his application for cancellation of removal be given further consideration. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review "BIA's determination of legal questions de novo" and its "factual findings for substantial evidence." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). When reviewing the denial of a motion to reopen, we employ "a deferential, abuse-of-discretion standard of review." *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014) (quoting *Kucana v. Holder*, 558 U.S. 233, 242 (2010)). "BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022).

Subject to certain limited exceptions, only one motion to reopen removal proceedings can be made, and it must be filed within 90 days of the entry of the final removal order. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). Petitioner's first motion, filed on January 31, 2020, asked the immigration judge to reopen his proceedings and cancel the November 4, 2019 final order of removal entered against him. Petitioner filed a second motion with BIA on July 2, 2021, more than 16 months after the deadline for seeking the reopening of removal proceedings had passed. This second motion is time- and number-barred unless petitioner can show

that it fits into one of the codified exceptions to the time and number limitations on motions to reopen removal proceedings.[1]

Petitioner contends that his second motion to reopen removal proceedings is saved by the "changed country conditions" exception, which can revive applications for asylum and related relief that are otherwise barred by the operative statute and corresponding administrative regulations upon a showing that material changes have taken place in the country of removal since the petitioner's last merits hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Agonafer v. Sessions*, 859 F.3d 1198, 1203-04 (9th Cir. 2017); *Salim*, 831 F.3d at 1137. But substantial evidence supports BIA's conclusion that conditions in Guatemala, according to the State Department human rights reports relied upon by petitioner in his motion, stayed essentially the same over the relevant time period. Because petitioner's second motion requesting the reopening of his removal proceedings does not demonstrate any material change in country conditions during the relevant interval, *see Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021), BIA was well within the bounds of sound discretion when it concluded that petitioner had failed to show his entitlement to the "changed country conditions" exception.

---

[1] Petitioner has forfeited any challenge that he could have made as to BIA's decision not to sua sponte reopen the proceedings, as he did not raise the issue in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

On a different tack, petitioner's July 2, 2021 motion separately seeks reopening of his cancellation-of-removal application based on his claim that there is newly available evidence of hardship to his U.S.-citizen wife. Yet, even if reopening were available in this type of circumstance, BIA appropriately determined that none of the evidence petitioner seeks to introduce is actually newly available—the report he provides in support of his hardship claim indicates that his wife has been experiencing the mental health challenges that are the basis of the claim since before the order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(1). Petitioner therefore fails to show that BIA abused its discretion in denying his motion to reopen his cancellation-of-removal application.

Petitioner, having made no showing that his second motion seeking relief from a final order of removal falls within an exception to the statutory and regulatory provisions barring untimely and repetitive motions, has failed to prove that BIA abused its discretion in denying it.

Petition **DENIED**.[2]

---

[2] The temporary administrative stay of removal is lifted, and the motion to stay removal, Dkt. No. 3, is denied.