**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11700

Non-Argument Calendar

_____

WUILLMER ARTURO NINROD SARMIENTO-MARTINEZ,
DYLAN ALEXANDER SARMIENTO-RODRIGUEZ,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-988-172

_____

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Wuillmer Arturo Ninrod Sarmiento-Martinez and his minor son petition for review of a decision of the Board of Immigration

Appeals ("BIA") denying his motion to reopen his removal proceedings. He argues that the BIA abused its discretion by denying his motion to reopen based on a prior adverse credibility determination, without considering material evidence of changed country conditions in Venezuela. He also contends that the BIA erred in denying *sua sponte* reopening and terminating proceedings based on his Temporary Protected Status ("TPS"). After careful review, we deny the petition as to the first argument, and we dismiss the petition as to the second argument.

## I.

Sarmiento-Martinez and his son are natives and citizens of Venezuela who entered the United States without inspection on June 15, 2021. In August 2021, the government began proceedings to remove them. Sarmiento-Martinez applied for asylum and withholding of removal, alleging that he had been persecuted for his membership in a political party, Acción Democrática (Democratic Action), and for protesting the Venezuelan government under then-President Nicolas Maduro. He also sought relief under the Convention Against Torture.

After considering Sarmiento-Martinez's testimony and evidence, an immigration judge ("IJ") denied his claims for relief from removal. The IJ found that Sarmiento-Martinez was not a credible witness, noting that his testimony was vague, internally inconsistent, and inconsistent with the documentary evidence. Sarmiento-Martinez appealed the IJ's decision and credibility finding to the BIA, which affirmed without opinion.

In February 2025, Sarmiento-Martinez filed a motion to reopen his removal proceedings. He argued that the BIA should exercise its *sua sponte* authority to reopen and terminate his removal proceedings because he and his son had obtained TPS. He also sought to reopen his proceedings based on changed country conditions, alleging that the Maduro administration had intensified its mistreatment of the political opposition since the disputed presidential election in July 2024.

Sarmiento-Martinez attached news articles reflecting that Maduro was declared the winner despite substantial evidence that he lost the July 2024 election, prompting widespread protests and a subsequent crackdown by Venezuelan authorities. The articles indicated that more than 1,000 people had been detained, and at least 15 had been killed, during the crackdown, that authorities were conducting raids on suspected protestors, and that Maduro planned to create two high-security "reeducation camps" involving forced labor for detainees.

The BIA denied Sarmiento-Martinez's motion to reopen in April 2025. The BIA first found that the motion was untimely filed beyond the ordinary 90-day deadline. While the BIA noted that the time limitation did not apply to reopening based on changed country conditions, it found that Sarmiento-Martinez had failed to meet his burden in that regard. The BIA explained that, because Sarmiento-Martinez's persecution claim was denied based on an adverse credibility finding, he was required by BIA precedent to "overcome the prior determination or show that the new claim is

independent of the evidence that was found to be not credible." The BIA concluded that Sarmiento-Martinez failed to meet this burden because he did not address the credibility finding or raise an independent claim.

In addition, the BIA concluded that Sarmiento-Martinez's case did not present an "exceptional situation" warranting an exercise of its *sua sponte* authority. The BIA found that the grant of TPS alone was not a basis for termination, and that the negative credibility finding weighed against exercising its discretion to reopen and terminate the proceedings. Sarmiento-Martinez now petitions this Court for review of the denial of his motion to reopen.

## II.

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we determine only whether the BIA exercised its discretion arbitrarily or capriciously. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). The petitioner bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen removal proceedings are disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

A motion to reopen proceedings ordinarily must be filed within 90 days of the removal order. 8 U.S.C. § 1229a(c)(7). But there's no time limit on the filing of a motion to reopen based on

"changed country conditions," if "such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). To show that evidence is "material," the noncitizen must demonstrate that "the new evidence would likely change the result in the case." *Jiang*, 568 F.3d at 1256.

Ordinarily, the BIA considers "the respondent's motion by comparing the evidence of current country conditions with those that existed at the time of her merits hearing." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (BIA 2020). But "where the persecution claim was previously denied based on an adverse credibility finding," the noncitizen "must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Id*. Thus, where new country conditions "evidence is contingent, in part or in whole, on factors that were determined to lack credibility and have not been rehabilitated, the respondent's ability to successfully establish prima facie eligibility may be undermined." *Id*. at 4.

Sarmiento-Martinez contends that *Matter of F-S-N-*'s requirement for adverse credibility findings in the context of motions to reopen is contrary to the governing statute. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Similarly, he also argues that the BIA failed to

6                    Opinion of the Court                    25-11700

give reasoned consideration to his evidence of changed country conditions.[1]

Here, the BIA did not abuse its discretion by denying Sarmiento-Martinez's motion to reopen. Under § 1229a(c)(7)(C)(ii), country-conditions evidence must be "material," which means that it "would likely change the result in the case." *Jiang*, 568 F.3d at 1256. It follows that, where a change in country conditions would not likely change the result, the BIA does not abuse its discretion by denying reopening.

The BIA reasonably concluded that reopening was not warranted here because Sarmiento-Martinez failed to overcome the prior adverse credibility determination or show that the new claim

---

[1] We decline to rely on the government's argument that Sarmiento-Martinez failed to administratively exhaust his arguments based on *Matter of F-S-N-* before the BIA. Petitioners are generally required to exhaust all administrative remedies available as of right before they may raise the claim on appeal. *See* 8 U.S.C. § 1252(d)(1). But that rule is not jurisdictional. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). And we generally do not require exhaustion of arguments regarding errors on the BIA's part that only arose once the BIA rendered its decision. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015) (rejecting the government's exhaustion argument as "facially nonsensical" when the government argued that the petitioner allegedly failed to exhaust a claim that was based on "a decision not yet in existence"). In addition, petitioners are not required to request discretionary forms of relief in a motion for reconsideration before the BIA to satisfy the exhaustion requirement. *Santos-Zacaria v. Garland*, 598 U.S. 411, 413–14 (2023). We therefore conclude that the BIA's application of *Matter of F-S-N-* in this case to deny the motion to reopen is properly before us.

was independent of the evidence that was found to be not credible. A closer look at the facts of this case shows why.

Sarmiento-Martinez alleged persecution based on political activity and his membership in a particular social group. But the IJ denied his claims for relief from removal because it found that his testimony about his political activity and membership in Acción Democrática was not credible. And none of the evidence Sarmiento-Martinez presented in the motion to reopen casts doubt on that finding or purports to rehabilitate his credibility. Plus, as the BIA noted, Sarmiento-Martinez's motion to reopen was based on the same political activity and membership that the IJ discredited. *Cf. Boika v. Holder*, 727 F.3d 735, 743 (7th Cir. 2013) (remanding despite a prior adverse credibility finding where the motion to reopen presented a distinct factual predicate from the prior claim).

Nor did the IJ's adverse credibility finding rest on conditions in Venezuela as they existed during the merits hearing in 2022. Rather, the IJ recognized "that the Venezuelan government is one that violates human rights and suppresses its opponents," but it found that Sarmiento-Martinez did not credibly establish "that he suffered the harm alleged."

As a result, Sarmiento-Martinez's new evidence that the Venezuelan government escalated its repression against political opponents and protestors in 2024 would not "likely change the result in the case." *Jiang*, 568 F.3d at 1256. Even assuming country conditions substantially changed in Venezuela, the BIA reasonably concluded that Sarmiento-Martinez failed to "show that the

changed conditions would result in a risk of persecution against [*him*]." *Zhang v. Mukasey*, 543 F.3d 851, 855 (6th Cir. 2008); *see Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022) ("Without the credibility to assert that he is a member of the People's National Party, it does not matter whether political violence against that party has worsened in Jamaica."). In other words, the new country-conditions evidence is not "material" to the reasons for the underlying denial of his claim.[2] *See Greenwood*, 36 F.4th at 1235–36 ("*Matter of F-S-N-* is a correct interpretation of the requirement in § 1229a(c)(7)(C)(ii) that an otherwise untimely motion to reopen must be based on evidence of changed country conditions that 'is material.'").

Because the prior adverse credibility factually undermines the claim presented in Sarmiento-Martinez's motion to reopen, the BIA did not abuse its discretion by denying reopening or by failing to evaluate his new evidence in detail. "To remand here because the [BIA] did not needlessly discuss documents on points of fact not material to its decision would frustrate this policy of finality in immigration proceedings without any benefit." *Zhang*, 543 F.3d at 855; *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

---

[2] To be clear, the movant also must establish a "material change in country conditions." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 5 (BIA 2020). But even where country conditions have materially changed, it does not necessarily follow that the changes are material to the grounds for the underlying decision.

## III.

The BIA also has the authority to reopen or reconsider a removal order *sua sponte* at any time, with certain restrictions. *See* 8 C.F.R. § 1003.2(a). "The BIA has broad discretion over motions for *sua sponte* reopening, . . . but it has held that it will exercise its authority only in exceptional circumstances." *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016) (citations omitted). Under this standard, the noncitizen "must show that there is a substantial likelihood that the result in [his] case would be changed if reopening is granted." *Id.* (quotation marks omitted). "A fundamental change in the law may satisfy this condition." *Id.*

Importantly, though, "we have held on several occasions that we lack jurisdiction to review a decision of the BIA not to exercise its power to reopen a case *sua sponte*." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23 & n.2 (2023); *see also Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008). And we have rejected the argument that we may "assert jurisdiction over legal claims related to or underlying requests for *sua sponte* reopening." *Butka*, 827 F.3d at 1285. Thus, "with the possible exception of constitutional issues," we lack jurisdiction to review issues relating to the denial of a motion to *sua sponte* reopen. *Id.* at 1285–86; *see Lin*, 881 F.3d at 871 ("Constitutional claims related to the BIA's discretionary decisions are different."). In asserting a constitutional claim, "a petitioner must allege at least a colorable constitutional violation." *Arias v. U.S. Att'y Gen.*,

482 F.3d 1281, 1284 (11th Cir. 2007) (quotation marks omitted) (addressing exception for review of constitutional claims under 8 U.S.C. § 1252(a)(2)(D)).

Sarmiento-Martinez argues that the BIA committed constitutional error by failing to apply recently enacted regulations that permit discretionary termination of removal proceedings where the noncitizen "is a beneficiary of Temporary Protected Status." 8 C.F.R. § 1003.1(m)(1)(ii)(C). He contends that this regulation represented a fundamental change in the law. And he asserts that the BIA failed to recognize this by citing and relying on *Matter of Sosa Ventura*, 25 I. & N. Dec. 391, 392–94 (BIA 2010), which held that TPS status alone was not grounds for terminating removal proceedings.

Here, Sarmiento-Martinez has not raised a colorable constitutional claim. The record belies his assertion that the BIA failed to apply its own regulations. Although the BIA cited *Matter of Sosa Ventura*, it expressly acknowledged § 1003.1(m)(1)(ii)(C), which it described as a "regulation permitting discretionary termination for TPS recipients." The BIA also considered discretionary factors, including that "the lead respondent did not testify credibly, and the respondent does not address this finding in his motion," which was a "negative discretionary factor that weighs against both reopening and termination of proceedings." The BIA therefore "declined to exercise [its] sua sponte authority to reopen and terminate these proceedings."

In context, Sarmiento-Martinez's argument boils down to a claim that the BIA abused its discretion in failing to find that *sua sponte* reopening was warranted in his case. We lack jurisdiction to consider that. We therefore dismiss the petition in part.

**PETITION DENIED IN PART; DISMISSED IN PART.**